# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**FELIPE VERA-CASTILLO**
*individually*,

Plaintiff,

v.    No. _____

**AUTO MAX, LLC,**
*a Tennessee Corporation*,
**AUTO WORLD OF NASHVILLE, LLC,**    JURY DEMANDED
*a Tennessee Corporation*,
and **ABDOLREZA FARHANGI**,
*individually*

Defendants.

## ORIGINAL COMPLAINT

Plaintiff, Felipe Vera-Castillo ("Plaintiff"), files this Complaint, and states as follows:

This is a complaint for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Auto Max, LLC, Auto World of Nashville, LLC, and Abdolreza "John" Farhangi (together, "Defendants"). Plaintiff seeks damages for unpaid overtime as he regularly worked in excess of forty (40) hours per week for Defendant without compensation for such time.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action under 29 U.S.C. § 201 *et. seq.*, 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. 1391. Defendants employed Plaintiff to perform work in this District, and Defendants have conducted, and continue to conduct,

business within this District during relevant periods to this action. Events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

3. Defendant Auto Max, LLC ("Auto Max") is a Tennessee Corporation with its Principal Office located at 14137 Lebanon Rd. Old Hickory, TN 37138. Auto Max may be served through its registered agent and owner, Abdulreza Farhangi, at 14137 Lebanon Rd., Old Hickory, TN 37138.

4. Defendant Auto World, LLC ("Auto World") is a Tennessee Corporation with its Principal Office located at 15153 Lebanon Rd. Old Hickory, TN 37138. Auto World may be served through its registered agent and owner, Abdulreza Farhangi, at 3402 Green Ridge Dr. Nashville, TN 37214.

5. During the statutory period, Defendant Abdoulreza Farhangi was the owner of both Auto Max and Auto World. In this capacity, he has the power to hire and fire employees and had this power over Plaintiff during the course of his relevant employment. Defendant Abdoulreza Farhangi was ultimately in charge of Plaintiff's schedule, supervised his work, was instrumental in implementing Defendants' unlawful pay policies, and has knowledge of the overtime hours worked by Plaintiff, but failed to provide proper redress or lawful pay for their excessive work. In short, he is, in whole or in part, responsible for the overtime violations at issue in this lawsuit.

6. Defendants have been the "employer" of Plaintiff as such term is used in and/or defined by the FLSA, at all times material to this action.

7. Plaintiff Felipe Vera-Castillo has been a resident of this District and performed work as a non-exempt employee for Defendants within this district during the three (3) year period immediately preceding the filing of this Complaint.

## **FACTUAL BASIS FOR SUIT**

8. Defendants have been Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d) and § 203(r) at all times material to this action.

9. At times material to this action, Plaintiff has been an "employee" of Defendants as defined by Section 203(e)(1) of the FLSA, and performed work for Defendants within the territory of the United States, within the three (3) years preceding the filing of this action.

10. At all times material to this action, Defendants have been an enterprise engaged in commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Defendants operate across state lines and regularly engage in interstate commerce. Plaintiff has engaged in interstate commerce as Defendants' employees during the applicable statutory period.

11. Plaintiff was responsible for performing various data entry tasks necessary to update and maintain as Defendant Abdoulreza Farhangi's websites for his businesses, both Auto World and Auto Max, from around January 21, 2019, until about April 4, 2020.

12. Plaintiff's job title was "inventory manager"

13. Defendants told Plaintiff that he was compensated for fifty-four (54) hours of work at only $15.00 per hour, including all work performed over forty (40) hours per week.

14. Plaintiff regularly worked approximately fifty-seven (57) hours per week.

15. As a result, Plaintiff was denied approximately seventeen (17) hours per week of overtime premium pay at one half of Plaintiff's regular rate of pay and was also denied about three (3) hours per week of overtime pay at one-and one-half Plaintiff's overtime rate of pay.

16. As the "inventory manager" Plaintiff was the employee responsible for data entry and photographing vehicles for sale.

17. Plaintiff did not manage other employees, sell vehicles, vehicle parts, or perform service on vehicles for customers on a commission or any other basis.

18. Plaintiff did not hire or fire other employees.

19. Upon information and belief, Plaintiff neither performed work directly related to the management of Defendant Farhangi's businesses nor exercised discretion and independent judgment with respect to matters of significance.

20. Upon information and belief, Plaintiff was not in charge of any cognizable department or subdivision of Defendants' business, nor did Plaintiff regularly supervise two (2) full-time employees or their equivalent.

21. Plaintiff generally worked in excess of forty (40) hours per week.

22. Instead of compensating Plaintiff for each hour work and one-and one-half times Plaintiff's regular rate for hours worked in excess of forty (40) hours in a week, Defendants paid Plaintiff a flat, hourly rate premised on the hours that Plaintiff was expected to work.

23. Defendants did not provide Plaintiff with extra compensation for working beyond the hours that Plaintiff was typically expected to work, despite Plaintiff regularly working past these hours at the direction of Defendants.

24. However, if Plaintiff worked fewer than the hours that Plaintiff was typically expected to work, Defendants would reduce his pay downward so as not to pay Plaintiff for the hours he was not working.

25. Plaintiff is not able to provide a full assessment of the hours he worked because documents necessary to provide a full assessment are in the possession of the Defendants and/or third parties. Plaintiff is able to provide a reasonable estimate of the hours he worked off the clock for Defendants during the statutory period in the absence of such documents based on his experience and based on the information already provided.

26. During his employment, Plaintiff did complain that he did not receive overtime pay to Defendants. In response, Defendants stated that he was not entitled to overtime pay as a "salaried" employee.

27. Defendants acted willfully in denying Plaintiff overtime compensation.

28. Defendants knew, or should have known, the difference between an employee qualifying for salary-exempt status and those required to be paid hourly.

29. Plaintiff was not a salary exempt employee during the times specified herein.

30. Defendants were unjustly enriched by their common plan, policy, and practice of failing to pay its non-exempt employees' overtime, thereby enjoying ill-gained profits at the expense of Plaintiff and the putative class. Defendants also enjoyed lower payroll taxes thereby.

## CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

32. During the relevant period, Defendants have violated and are violating the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing Plaintiff in an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating Plaintiff for his work in excess of forty (40) hours per week at rates no less than one-and-one-half times the regular rates for which he was employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the Court enter judgment in favor of this Complaint and:

a) Award Plaintiff all unpaid overtime compensation against Defendants;

b) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Allow Plaintiff to amend this Complaint, if necessary, as new facts are discovered;

h) Provide additional general and equitable relief to which Plaintiff may be entitled; and

i) Provide further relief as the Court deems just and equitable.

Dated: December 1, 2020

Respectfully Submitted,

*s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*
*rmorelli@jsyc.com*

and

Nina H. Parsley (TN BPR #23818)
**MICHAEL D. PONCE & ASSOCIATES**
Attorneys at Law
400 Professional Park Drive
Goodlettsville, Tennessee 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033
nina@poncelaw.com

**ATTORNEYS FOR PLAINTIFF**